WENTWORTH, Senior Judge.
Appellants James and Veldina Dawson appeal summary judgment entered for ap-pellee NCNB in its action on a promissory note, and upon its motion for summary judgment on count one of counterclaim by appellant James Dawson. Counts two and three of the counterclaim were dismissed. We reverse the summary judgment, finding that disposition to be in error because material issues of fact remained as to, inter alia, ownership of the property in question.
On January 9, 1989, the appellee NCNB National Bank of Florida filed a complaint against appellants, James and Veldina Dawson, for the accelerated balance due on a promissory note allegedly executed by the Dawsons, upon their failure to make the payments due on September 20, 1985 and thereafter. After the defendant Daw-sons answered, James Dawson was voluntarily dismissed with prejudice as a defendant in the complaint by NCNB. On April 20, 1989, the Dawsons filed their amended answer denying their execution of the promissory note, denying that James Dawson knew anything about the promissory note until suit was filed, and admitting that no payments were ever made on the note and that “Defendant Veldina Dawson may owe Plaintiff some amount, but any such amount is in dispute.” James Dawson also filed a counterclaim asserting in Count I that his name had been forged on the note and a mortgage on certain real property in Liberty County securing the note, and seeking rescission and cancellation. An amended Count II asserted a claim for civil conspiracy to interfere with James Dawson’s property rights, and Count III asserted a claim “for breach of duty.” In its answer, NCNB admitted allegations as to an employee who acted as notary in the transaction, but denied the other allegations of the counterclaim.
On September 18, 1989, NCNB filed a motion for summary judgment on Count I of the counterclaim, and a motion to dismiss Counts II and III for failure to state a cause of action. On September 22, 1989, NCNB filed a motion for judicial notice of the Liberty County public records relating to the ownership and encumbrance of real property, asserting such records did not reflect that James Dawson was the owner of the real property described in the amended counterclaim at any time.
On June 12, 1990, the'court entered an order granting NCNB’s motion for summary judgment in its favor on Count I of the counterclaim, granting its motions to dismiss Counts II and III with prejudice, and granting NCNB’s motion for judicial notice. On January 17,1991, NCNB filed a motion for summary judgment as to Veldi-na Dawson on its complaint. On February 21, 1991, the court rendered summary final judgment against Veldina Dawson, and awarded NCNB the principal balance due on the note plus interest, attorney’s fees, and costs. This appeal followed, presenting issues as to judgment on both the complaint and the counterclaim. Although summary judgment on NCNB’s complaint was entered only against Veldina Dawson, and voluntary dismissal had been taken as to James with respect to the note before dismissal of two counts of his counterclaim, the issues in the complaint and in the counterclaim are sufficiently interrelated to permit a merits review of the points argued on this appeal following the February final judgment. That judgment effectively accorded finality, for purposes of appeal, to the earlier order granting motion for summary judgment on Count I of the counterclaim, and dismissing the related counts.
We conclude that the court erred in entering summary judgment for NCNB on its complaint and on Count I of the counterclaim. The pleadings, depositions and affi *551 davits did not establish that the Dawsons had no ownership interest in the subject real property, showing instead only the absence of record title. The countering affidavit of the Dawsons raised facially sufficient fact issues by assertions in part as follows:
Affiants have owned, exclusively possessed and resided on the subject real property since June 1980.
* * * * * %
The subject property is a part and parcel of the real property previously owned by Henry Battle, deceased, whose sole heirs are Roberta Donar a/k/a Roberta Dona, Willie Lee Dawson and Gussie Mae Martin. Roberta Donar is Affiant’s James Dawson’s mother, who gave Affi-ants permission and authority to possess and own the subject property, and whom is fully aware of the Jim Walter Corporation transaction with Affiants. The Estate of Henry Battle is in the process of being settled at this, time, which shall result in a clear and recordable title in Affiants.
6. Affiants have not conveyed their legal or equitable interest in the subject property to any other entity from June 1980 to the present.
The court did not dismiss the second and third counts of the counterclaim without first affording James Dawson the opportunity to amend, which he did. See Albrecht v. Board of Trustees of Internal Improvement Trust Fund, 481 So.2d 555 (Fla. 2d DCA 1986). Dismissal of Counts II and III was therefore proper for failure to state a cause of action for conspiracy or other breach of duty.
The judgment of the trial court is accordingly reversed as to the complaint and Count I of the counterclaim, and the cause is remanded for further consistent proceedings.
SMITH and ALLEN, JJ., concur.